UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| Ex Rel. Robert Romero | |
| | |
| VERSUS | NO. 16-15092 |
| | |
| AECOM, ET AL. | SECTION "L" (4) |

## ORDER AND REASONS

Before the Court are Defendants AECOM's and Louisiana Department of Education's Motions to Dismiss Under 12(b)(1) or 12(b)(6), R. Docs. 89; 90. Plaintiff United States of America filed oppositions to these motions, R. Docs. 98; 99. Defendants filed replies, R. Docs. 105; 107. Oral argument was held via Zoom on January 6, 2021. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

I.     BACKGROUND

On September 30, 2016, *qui tam* Plaintiff-Relator Robert Romero filed the instant case against AECOM Corporation ("AECOM"), Xavier University, and the Archdiocese of New Orleans ("Archdiocese") under the False Claims Act (the "FCA"), 31 U.S.C. § 3729-33. R. Doc. 1. AECOM is a multinational engineering firm and a Federal Emergency Management Association ("FEMA") contractor, and Relator Mr. Romero was an AECOM employee at all material times. *Id.* Plaintiff alleges that AECOM misused the FEMA Public Assistance Program funds it received in the wake of Hurricane Katrina. *Id.* at 2-3. Plaintiff alleges that "Defendants knowingly, recklessly or with willful blindness submitted false information to FEMA, to qualify ineligible buildings for post-Katrina replacement Funding." *Id.* Plaintiff's claims center around

the FEMA assistance received for the Xavier University gymnasium and electrical distribution system, as well as the Archdiocese-owned St. Raphael School cafeteria building and Villa St. Maurice complex. *Id.* at 10-21. Additionally, Plaintiff alleges that Defendants violated the FCA in connection with at least seven other AECOM projects throughout New Orleans. *Id.* at 23. Plaintiff claims that Randall Krause was employed by AECOM to work on Katrina recovery efforts from 2006 to 2010 and worked on each of the projects at issue (the "Subject Projects"). Plaintiff alleges that Mr. Krause engaged in fraudulent practices associated with the Subject Projects and that AECOM became aware of this by 2010 but did nothing about it. *Id.* at 23. Plaintiff claims that he was assigned to AECOM's New Orleans response unit after Mr. Krause's termination, which allowed him to discover inflated repair and deflated replacement costs associated with the Subject Projects. *Id.* at 23. Plaintiff claims that after he relayed these concerns to AECOM, the company failed to inform the Government of these fraudulent practices or mitigate the overpayments and damages. *Id.* at 24.

On May 29, 2020, the Government notified the Court of its decision to intervene and proceed in this case pursuant to Sections 3730(b)(2) and (4) of the False Claims Act. R. Doc. 41. The Government filed an Intervenor Complaint shortly thereafter, in which it added more detailed allegations, Subject Projects, and additional defendants, including the Louisiana Department of Education ("LDE") and AECOM's subsidiaries AECOM Technical Services, Inc., Emergency Response Program Management Consultants, and AECOM Recovery (collectively part of "AECOM"). R. Doc. 59. The Government alleges that the LDE is liable for payment by mistake, negligent misrepresentation, and unjust enrichment in connection with the FEMA funding it managed for the Lawrence D. Crocker Elementary School, the Florence J. Chester Elementary School Classroom Building, the Florence J. Chester Elementary School

Cafeteria, the Edward Livingston Middle School Main Building, and Fannie C. Williams Middle School, collectively referred to as the "Recovery School District." *Id.* at 66. Specifically, the Government argues that the Recovery School District received a substantial amount of funding it was not entitled to receive as a result of its false descriptions of the pre-disaster design and damage to these schools. R. Doc. 99.

Xavier University was terminated from this lawsuit on June 5, 2020, following a Joint Stipulation of Dismissal. R. Doc. 44. According to a Joint Status Report issued on January 25, 2021, the Government and the Archdiocese are working toward a settlement and plan to request approval pursuant to the Archdiocese's bankruptcy proceedings. R. Doc. 110. However, the report explained that a motion to dismiss had been filed in the bankruptcy proceedings, so this effort is currently on hold until that motion is resolved. *Id.* at 1; *see also The Roman Catholic Church for the Archdiocese of New Orleans*, 2:20-bk-10846 (Bankr. E.D. La).

On October 19, 2020, the LDE filed the instant Motion to Dismiss the Complaint in Intervention pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or, alternatively Rule 12(b)(6). R. Doc. 89. That same day, AECOM filed a Motion to Dismiss the Government's complaint pursuant to Rule 9(b) and 12(b)(6). R. Doc. 90. Oral argument was held on these motions on January 6, 2021, via Zoom.

## I. PENDING MOTIONS

### a. LDE's Motion to Dismiss [R. Doc. 89]

LDE filed the instant motion to dismiss to Dismiss the Complaint in Intervention pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure or, alternatively, Rule 12(b)(6). R. Doc. 89. LDE argues that the Government has prematurely asserted "common law tort and equity claims when administrative procedures have not first been exhausted for this Court to have subject matter

jurisdiction." *Id.* at 1. LDE explains that the Robert T. Stafford Disaster Relief and Emergency Assistance Act (the "Stafford Act") provides for procedures such as the right to arbitrate or appeal whenever FEMA claims overpayment of grant funds. R. Doc. 89-1 at 1. LDE asserts that these remedies have not been exhausted, which deprives the Court of subject matter jurisdiction over this case. *Id.* at 1-2. LDE contends that even if jurisdiction was proper, the Government "fails to state claims for relief under payment by mistake or unjust enrichment" based on its Complaint in Intervention, and that the Government's claim of negligent misrepresentation is time-barred. R. Doc. 89 at 1. Additionally, LDE argues that the Government's claim of negligent misrepresentation is barred by the three-year statute of limitations under 28 U.S.C. § 2415(b) and should therefore be dismissed. *Id.* The Government opposes this motion, arguing that the Court has subject matter jurisdiction over this case, its complaint satisfies the requirements of Rule 12(b)(6), and its negligent misrepresentation claim is not barred. R. Doc. 99.

### b. AECOM's Motion to Dismiss [R. Doc. 90]

Defendant AECOM also filed a Motion to Dismiss, arguing that the "[G]overnment's complaint suffers from several fundamental pleading deficiencies and should be dismissed in its entirety" pursuant to Rule 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. R. Docs. 90; 90-1 at 1. AECOM first contends that the claims against it should be dismissed under Rule 9(b) because (1) "the government engages in impermissible 'group pleading' – offering generalized assertions regarding fraudulent conduct;" (2) "the government fails even to identify, let alone describe with particularity, any claims for payment submitted to the government;" (3) "the government fails adequately to plead that any claims for payment or statements were in fact false;" and (4) "the government fails to plead with particularity a causal connection between Krause's allegedly fraudulent statements and actual claims for payment." R. Doc. 90-1 at 2. Moreover,

AECOM argues that the complaint should be dismissed under Rule 12(b)(6) because the Government failed to plead the requisite scienter for imposing FCA liability. *Id.*

The Government filed an opposition to AECOM's motion, arguing that its intervenor complaint satisfies Rule 9(b) because (1) AECOM misunderstands the law, and the complaint is complies with Fifth Circuit precedent on pleading FCA claims; (2) federal courts often permit group pleading, and the Complaint adequately identifies each AECOM entity as a Defendant; (3) the Complaint adequately pleads details of a scheme, as required by the FCA; (4) "[t]he Complaint adequately alleges 'reliable indicia that lead to a strong inference that claims were actually submitted' as part of AECOM's 'scheme to submit false claims;'" and (5) the Complaint sufficiently pleads causation as required by the FCA. *Id.* at 6-17. The Government further argues that its complaint meets the pleading standards of Rule 12(b)(6) because it sufficiently alleges AECOM's requisite knowledge through plausible theories and "alleges facts sufficient to support imputing Krause's knowledge to AECOM." *Id.* at 23-25.

## II.   APPLICABLE LAW

### a.   *Rule 12(b)(1) and 12(b)(6) Motions to Dismiss*

Motions filed pursuant to Federal Rule of Civil Procedure 12(b)(1) allow a party to seek dismissal of a complaint based on lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). For a Rule 12(b)(1) motion to dismiss, the burden of proof is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States,* 899 F. Supp. 305, 307 (E.D. Tex. 1995)). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id.* (citing *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)). When examining a Rule 12(b)(1) motion, the district court

may consider matters of fact that may be in dispute. *Id.* (citing *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981)). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir. 1998)).

The Federal Rules of Civil Procedure also permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). To survive a Rule 12(b)(6) motion to dismiss, a complaint must include factual allegations that are "enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Particularly, "a plaintiff must plead specific facts, not mere conclusory allegations." *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989). The complaint must also "state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When ruling on a motion to dismiss, a court must construe facts in the light most favorable to the nonmoving party, *id.*, and it "must accept as true all of the factual allegations contained in the complaint." *Twombly*, 550 U.S. at 572 (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n. 1 (2002)). A court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

**b.** *Rule 9(b) of the Federal Rules of Civil Procedure*

Rule 9(b) of the Federal Rules of Civil Procedure states that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Pleading fraud with particularity in this circuit requires 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby.'" *D.H. Griffin Wrecking Co., Inc. v. 1031 Canal Dev.*, LLC, 463 F. Supp. 3d 713, 726 (E.D. La. May 29, 2020) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)) (alteration omitted). Further, Rule 9(b) "supplements but does not supplant Rule 8(a)'s notice pleading. Rule 9(b) does not 'reflect a subscription to fact pleading' and requires only 'simple, concise, and direct' allegations of the 'circumstances constituting fraud.'" *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009) (quoting Fed. R. Civ. P. 8(d)(1) & 9(b)).

### c. *The Federal False Claims Act*

The FCA imposes liability on anyone who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" to the government, or "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(A)–(B). When determining whether liability attaches under the FCA, a court needs to consider: "(1) whether there was a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit moneys due (i.e., that involved a claim)." *U.S. ex rel. Longhi v. United States*, 575 F.3d 458, 467 (5th Cir. 2009) (internal citation omitted). Moreover, § 3730(h) of the FCA contains a whistleblower provision in order to protect employees who come forward from retaliation by their employers. 31 U.S.C. § 3730(h).

### III.     DISCUSSION

#### a.  *Subject Matter Jurisdiction over This Case*

The Court will turn first to LDE's motion and its argument that this Court does not have jurisdiction over the present case. Although the parties did not spend time on this argument at the January 6, 2021 oral argument, the Court will nevertheless address it. As a preliminary matter, cases where United States is a party are within the Court's original jurisdiction. *See* 28 U.S.C. § 1345. Section 1345 states "[e]xcept as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." 28 U.S.C. § 1345. Subject matter jurisdiction under Section 1345 can only be limited by an explicit repeal of the statute by Congress or an implicit repeal due to total irreconcilability of Section 1345 and the law in question. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 808 (1976).

LDE has not referenced any language in the APA or the Stafford Act that explicitly repeals the Court's original jurisdiction over this matter. *See* 42 U.S.C. § 5189a; 5 U.S.C. § 701 *et seq.* Moreover, LDE has not argued that the Stafford Act and APA have impliedly repealed this Court's subject matter jurisdiction. Since "[t]here is a strong presumption against implied repeals of federal statutes, and this presumption is perhaps an even stronger one when the repeal is a grant of jurisdiction to the federal courts," the Court concludes there is no implied repeal. *United States v. Lahey Clinic Hosp., Inc.*, 399 F.3d 1, 9 (1st Cir. 2005) (internal citations omitted); *see also Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 468 (1982). Accordingly, the Court has subject matter jurisdiction over the instant case through Section 1345.

Further, the Court is not precluded from hearing this case because the Government did not exhaust the administrative procedures in the Stafford Act and the APA. LDE is correct in pointing out that the Stafford Act provides for administrative procedures that must be followed when FEMA claims overpayment of grant funds. 42 U.S.C. § 5189a. However, these procedures do not apply to the United States Government, as the procedures are intended for "*applicant[s]* for such assistance." 42 U.S.C. § 5189a(a) (emphasis added). Likewise, Chapter 7 of the APA provides the right of judicial review to *persons* who suffer legal wrong or were adversely affected by a *Government agency* action. 5 U.S.C. § 701 *et seq.* Moreover, the doctrine of administrative exhaustion does not apply to the Government and its agencies in general. *See, e.g.*, *States v. Paternostro*, 966 F.2d 907, 912 (5th Cir. 1992); *United States v. Medica-Rents Co.*, 285 F. Supp. 2d 742, 776 n.71 (N.D. Tex. 2003) ("[T]he United States is not required to pursue an administrative action before seeking an overpayment action under theories of unjust enrichment or payment by mistake."), *aff'd sub nom. United States v. Medica Rents Co.*, No. 03-11297, 2008 WL 3876307 (5th Cir. Aug. 19, 2008); *United States v. Siebert*, 403 F. Supp. 2d 904, 921 (S.D. Iowa 2005) (holding that "the exhaustion requirement is only applicable to individuals appealing administrative rulings").

Lastly, the Court concludes that the Government's claim of negligent misrepresentation against LDE is not time-barred. 28 U.S.C. § 2415(b) states that "every action for money damages brought by the United States or an officer or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action first accrued." 28 U.S.C. § 2415(b). However, "[t]his limitations period is tolled while "facts material to the right of action are not known and reasonably could not be known by an official of the United States charged with the responsibility to act in the circumstances." 28 U.S.C. § 2416(c). The *qui tam* complaint

in this case was filed in September 2016, but it did not allege any facts about LDE's wrongdoing or LDE-related projects. R. Doc. 1. The complaint centered around allegations related to Xavier University and Archdiocese facilities. *Id.* LDE-specific Subject Projects were not included until the amended *qui tam* complaint was filed on August 3, 2017. R. Doc. 6. Since the Government filed its intervenor complaint on July 28, 2020, which is within three years of the first amended *qui tam* complaint, the Government may proceed with its negligent misrepresentation claim against LDE.

### b.   *Whether the Government's Complaint Survives Rules 9(b) and 12(b)(6)*

Next, the Court will turn to LDE and Romero's assertion that the Government's complaint fails to state a claim upon which relief may be granted. The Government's complaint contains nearly 300 paragraphs in which numerous factual allegations are pleaded. R. Doc. 59. The Court must construe these facts in the light most favorable to the Government, and "accept as true all of the factual allegations contained in the complaint." *Twombly*, 550 U.S. at 572 (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n. 1 (2002)). Assuming the facts presented are true, the Court cannot dismiss the Government's case at this stage. The Government's complaint pleads detailed, factual content that would allow this Court to draw the reasonable inference that the Defendants are liable for violations of the FCA. Further, the Government has sufficiently pleaded scienter because the facts presented support an inference of fraud on the part of *all* Defendants. Although it is unclear to what extent AECOM knew about and attempted to remedy Mr. Krause's wrongdoing after his termination, the complaint presents facts that potentially impute Mr. Krause's knowledge to AECOM and demonstrate that AECOM may have benefitted from his actions. R. Doc. 59 at 46-49. Lastly, the complaint presents factual allegations against Defendants

that go beyond Mr. Krause's period and scope of employment. Accordingly, the Government's complaint survives LDE and AECOM's Rule 12(b)(6) challenges.

Further, the Court concludes that Government's complaint also passes muster under the heightened pleading standards of Rule 9(b). The 286 paragraphs of the Government's complaint spell out Rule 9(b)'s required elements of time and place, as well as the contents of alleged false representations and the identities of those accused of making them. For example, the Complaint includes detailed allegations in connection with at least eight different facilities with timelines for each. The Complaint presents a coherent theory regarding Defendants' potential motivation to commit fraud, as well as specific details of a scheme to submit false claims. Thus, the Government sufficiently pleaded the intent element of fraud on the part of all Defendants, especially in view of the fact that Rule 9(b) allows the intent element to be pleaded generally. Fed. R. Civ. P. 9(b). Whether fraud actually occurred is a question that must be answered another day, after the opportunity for discovery.

## IV.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that LDE's Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim, R. Doc. 89, and AECOM's Motions to Dismiss for Failure to State a Claim, R. Doc. 90, are **DENIED**.

New Orleans, Louisiana, this 8th day of March 2021.

_____
U.S. District Judge Eldon E. Fallon