UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>*ex rel.* **Robert Romero** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-15092** |
| **AECOM, ET AL.** | **SECTION "L" (4)** |

## ORDER

The parties have submitted briefing on whether the Government can ask leading questions during the deposition of a witness, Randall Krause, that will take place on March 18, 2022. R. Docs. 180, 185.

The theory of the Government's case is the allegation that Mr. Krause was employed by defendant AECOM to work on Hurricane Katrina recovery efforts in New Orleans from 2006 to 2010; that while so employed Mr. Krause engaged in fraudulent practices associated with various properties; and that AECOM became aware of this by at least 2010 but did not address Mr. Krause's fraudulent practices.

In general, under Rule 611(c) of the Federal Rules of Evidence, "[l]eading questions should not be used on direct examination . . . ." There are, however, three exceptions to this general rule: (1) where the witness is a hostile witness, (2) where the witness is an adverse party, and (3) where the witness is identified with an adverse party. FED. R. EVID. 611(c). In any of these three exceptions, leading questions may be used on direct examination.

Whether a witness is hostile or identified with an adverse party is pregnant with facts and can only be determined after these facts are delivered or revealed during the deposition. But

1

whether Mr. Krause is himself an adverse party is determined by whether there was a reasonable basis for him to be sued—that is, whether his actions or inactions were a significant factor in giving rise to the lawsuit such that he could be sued. *See Chumbler v. Alabama Power Co.*, 362 F.2d 161, 163 (5th Cir. 1966); *Degelos v. Fid. & Cas. Co. of New York*, 313 F.2d 809, 815 (5th Cir. 1963). In this case, the lawsuit involves or is based at least in part on Mr. Krause's actions or inactions. Without Mr. Krause's alleged actions, there would be no lawsuit. In fact, Mr. Krause was previously named as a defendant but was later dismissed. However, this dismissal does not prevent him from being considered an "adverse party" under Rule 61l(c).

    Accordingly, the Court finds that Mr. Krause qualifies as an adverse party and that the Government is permitted to ask Mr. Krause leading questions on direct examination during his deposition.

    New Orleans, Louisiana, this 17th day of March, 2022.

_____
UNITED STATES DISTRICT JUDGE