UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA *EX REL*. ROBERT ROMERO** | **CIVIL ACTION** |
| **VERSUS** | **NO:   16-15092** |
| **AECOM ET AL.** | **SECTION: "L" (4)** |

## ORDER

Before the Court is a **Motion to Quash Subpoena Duces Tecum and for Deposition Testimony or, alternatively, for Protective Order (R. Doc. 202)** filed by the non-party Xavier University of Louisiana seeking to quash and modify a subpoena duces tecum served on Xavier's counsel on August 22, 2022 ("2022 Subpoena"). Alternatively, Xavier seeks a Protective Order concerning the scope of the 2022 Subpoena and the location of the deposition that is the subject of the subpoena. The motion is opposed. R. Doc. 204. The motion was heard on October 12, 2022.

**I.   Background**

  **A. Introduction**

After its landfall on August 29, 2005, Hurricane Katrina severely damaged New Orleans prompting a surge of federal disaster aid into the region. R. Doc.1, p. 2. Shortly after the devastation, FEMA, pursuant to its authority under the Stafford Act and federal regulations, began to make funds available under its Public Assistance program. *Id*. The program is still funding recovery from Hurricane Katrina over ten years later. *Id*. Once an applicant requested evaluation for the program to receive aid, FEMA personnel or contractors would conduct a site visit to assess "Katrina-related" damage. *Id*. at 3.

On September 30, 2016, Relator Robert Romero ("Romero") filed this *qui tam* action on behalf of the United States under the False Claims Act, 31 U.S.C. § 3729 *et seq*. *See* R. Doc. 1.

Romero and the United States allege that AECOM employee Randall Krause ("Krause") submitted false information to FEMA in an attempt to defraud FEMA of public assistance funding to entities such as Xavier for repairs following damage to Xavier's campus caused by Hurricane Katrina. *Id*. at 3-4. After Xavier was informed of the investigation being conducted by the United States, Xavier entered into a settlement with the United States. R. Doc. 202-1.

### B. Instant Motion

Xavier filed the instant motion on September 27, 2022. R. Doc. 202. Xavier alleges that on July 22, 202, AECOM issued a Subpoena ("2021 Subpoena") to Xavier for the production of numerous categories of documents. *Id*. at 3. Xavier alleges that its counsel and AECOM's counsel reached an agreement that Xavier would produce documents provided by Xavier to the United States Department of Justice pursuant to the Civil Investigative Demand issued to Xavier. *Id*. Xavier contends that it reserved all rights to object to the 2021 Subpoena and AECOM reserved the right to request production of additional documents that be responsive to the 2021 Subpoena. *Id*.

On September 16, 2021, Xavier contends that it produced 47,803 pages of documents to AECOM. *Id*. Xavier alleges that after its production, AECOM never requested that Xavier provide additional documents in response to the 2021 Subpoena. *Id*. On August 22, 2022, Xavier alleges that counsel for AECOM requested a deposition of Xavier and Marion Bracy of Xavier. *Id*. at 4. Xavier contends that after a date for the deposition was agreed upon, counsel for Xavier agreed to accept service of the deposition subpoena on behalf of Xavier. *Id*. The records shows that the deposition is set for November 4, 2022. *Id*.

Xavier alleges that AECOM has now served upon counsel for Xavier the 2022 Subpoena. *Id*. Xavier alleges the 2022 Subpoena not only requests that a corporate representative appear for the November deposition but also includes a request for production of documents. *Id*.

Xavier contends that the 2022 Subpoena is duplicative of the 2021 Subpoena. *Id*. at 5. Xavier alleges that in 2021, that AECOM made numerous requests for documents related to communications between Xavier and the Department of Justice. *Id*. Xavier contends that at present, AECOM has again requested that Xavier produce communications with the Department of Justice. *Id*. Xavier also alleges that AECOM never indicated that Xavier's response to the 2021 Subpoena was insufficient or sought additional documents in response to that subpoena. *Id*.

Additionally, Xavier argues that the 2022 Subpoena is broad enough to seek production of any documents concerning Xavier's settlement with the United States, including settlement discussions and negotiations. *Id*. Further, Xavier alleges that the 2022 Subpoena also includes topics for a representative of Xavier to testify regarding Xavier's settlement with the United States in connection with any of Xavier's facilities. *Id*.

Xavier also alleges that the 2022 Subpoena requests that Xavier's corporate representative appear at the offices of AECOM's counsel rather than counsel for Xavier. *Id*. Xavier contends that its counsel requested that the location of the deposition be changed, but AECOM's counsel denied Xavier's request. *Id*.

Presently, Xavier now moves to quash the 2022 Subpoena or, alternatively, for a protective order concerning the 2022 Subpoena for the following reasons. *Id*. at 6. First, Xavier alleges that the 2022 Subpoena would be unduly burdensome to Xavier because it is duplicative of the 2022 Subpoena and AECOM never requested a supplemental response. *Id*. Second, Xavier alleges that the 2022 Subpoena seeks the production of "privileged" communications and testimony

3

concerning Xavier's settlement with the United States. *Id*. Xavier contends that the evidence and testimony concerning the Xavier's settlement agreement and negotiations is inadmissible under Rule 408 of the Federal Rules of Evidence. *Id*.

Alternatively, Xavier asserts that even if this Court does not find that the settlement agreement and documents concerning settlement discussions are privileged, AECOM cannot show with particularity why it is entitled to such discovery. *Id*. Xavier argues that this lack of particularity to show entitlement to such discovery would have a chilling effect on further settlement discussions between any party. *Id*. Finally, Xavier argues that it would be unduly burdensome for Xavier, a non-party to be required to appear at the office of AECOM's counsel instead of the offices of its own counsel. *Id*. Thus, Xavier requests that the Court modify the 2022 Subpoena and order that the deposition take place at the offices of Xavier's counsel. *Id*.

In its opposition, AECOM asserts several reasons that Xavier's motion should be denied. R. Doc. 204.  First AECOM argues that Xavier was served with the 2022 Subpoena on August 22, 2022 and did not issue formal objections to it within the time period under Rule 45 of the Federal Rules of Civil Procedure before filing its motion. *Id*. at 3. Second, AECOM alleges that Xavier has failed to show that the 2022 Subpoena's document request is unduly burdensome or improper. *Id*. Third, AECOM argues that no privilege protects Xavier's settlement negotiations with the government, or any other documents and communications requested in the Subpoena. *Id*. at 4. Finally, AECOM argues that Xavier's complaint as to the location of the deposition is frivolous because Xavier's preference for choice of forum as a non-party deponent is not supported by case law. *Id*. at 17. Further, AECOM argues that its office is only "a mere six blocks" from office of Xavier's counsel and AECOM has numerous boxes of records that it would have to transport. *Id*.

Xavier then filed a reply arguing that AECOM has failed to show that Xavier is not entitled to the relief requested for several reasons. R. Doc. 206-2. First, Xavier argues that its motion is timely, and that Xavier's settlement is irrelevant to AECOM's liability to the United States and not discoverable. *Id*. at 1. Next, Xavier argues that AECOM has not shown why the request for production in the 2022 Subpoena is not duplicative of the previous request in the 2021 Subpoena concerning settlement or settlement negotiations. *Id*.

Xavier also argues that communications concerning settlement negotiations between Xavier and the United States are privileged. Xavier alleges that even if no settlement privilege applies, that Xavier has met its burden of showing why evidence of settlement negotiations is not discoverable given the "strong, unrefuted judicial preference." *Id*. at 2. Lastly, Xavier argues that the deposition should take place at the office of Xavier's counsel.

## II.     Standard of Review

Rule 34 allows parties to serve on other parties a request for "documents or electronically stored information . . . stored in any medium from which information can be obtained." Fed. R. Civ. P. 34(a)(1)(A). However, subpoenas duces tecum, governed by Rules 45 and 26, can be issued to non-parties, compelling them to produce documents and/or electronically store information in their "care custody, or control." Fed. R. Civ. P. 45(a)(1); *Sines v. Kessler*, 325 F.R.D. 563, 565 (E.D. La. 2018).

Rule 26 governs the scope of subpoenas duces tecum on non-parties, stating: "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *See Sines*, 325 F.R.D. at 565. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id*. at 26(b)(1).

Additionally, the proportionality analysis includes: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. *Id.*; 325 F.R.D. at 565.

Moreover, under Rule 26, the Court must limit the frequency or extent of discovery otherwise allowed, if it determines: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1). *Id.* at 26(b)(2)(C).

Rule 45 provides protection to non-parties, stating: "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Non-parties that are served with subpoenas duces tecum may serve a written objection on the issuing party before the earlier of the time specified for compliance or 14 days after the subpoena is made. *Id.* at 45(d)(2)(B).

Rule 45 subpoena duces tecum generally requires the court to find that any objections not timely filed have been waived. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005); (citing *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998). Nonetheless, "[i]n unusual circumstances and for good cause, . . . the failure to act timely will not bar consideration of objections [to a Rule 45 subpoena]." *Id.*; (citing *McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002)) (citations and internal quotation marks omitted). In addition

to serving written objections, the non-party's second option, under Rule 45(d)(3), is to file a motion to modify or quash the subpoena. *See Sines v. Kessler*, 325 F.R.D. 563, 567 (E.D. La. 2018).

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

### III.  Analysis

#### A. 2022 Subpoena's Request for Production of Documents is Not Duplicative of 2021 Subpoena's Requests and is Timely

First, Xavier argues that this Court should quash and modify the 2022 Subpoena or, alternatively, for a protective order concerning the 2022 Subpoena served on Xavier by AECOM. Xavier alleges the 2022 Subpoena's request for production of documents is duplicative of the 2021 Subpoena. Specifically, Xavier contends that the 2022 Subpoena now requests documents related to communications between Xavier and the Department of Justice which were already produced in response to the 2021 Subpoena.

Under Rule 26 of the Federal Rules of Civil Procedure, the Court must limit the frequency or extent of discovery otherwise allowed, if it determines the discovery sought is unreasonably cumulative or duplicative. *See* Fed. R. Civ. P. 26. A non-party subpoena seeking information that is readily available from a party through discovery may be quashed as duplicative or cumulative. *See* Fed. R. Civ. P. 26(b)(2); *see also Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D.

181 (N.D. Ill. 2013) (quashing the plaintiff's subpoena served upon a non-party because either the documents sought were duplicative of discovery requests directed to the defendant or the requests were invalid as overly broad, burdensome, irrelevant or previously could have been the subject of discovery); *Ameritox, Ltd. v. Millennium Labs, Inc.*, No. 12-cv-7493, 2012 U.S. Dist. LEXIS 177809, 2012 WL 6568226, at *2-3 (N.D. Ill. Dec. 14, 2012) (granting a motion to quash nonparty subpoenas "because the requests are cumulative and duplicative of discovery requests made to the party to the litigation").

Here, Xavier argues that the 2022 Subpoena's document requests are duplicative to the extent of the documents related to the communications between Xavier and the Department of Justice. *See* 2021 Subpoena's Request Nos. 13, 17, 18, and 19 *compare with* 2022 Subpoena. Furthermore, Xavier alleges, and AECOM does not dispute that it never requested additional documents or challenged the sufficiency of Xavier's responding documents. *See* R. Doc. 202-1, p. 8-9. AECOM simply alleges that it did not waive its right to seek additional documents from Xavier in the context of a deposition.

In contrast, AECOM alleges that Xavier's initial production of documents in response to the 2021 Subpoena included documents and communications produced *to* and not *with* the government. Therefore, it is AECOM's position that the 2022 Subpoena's request for documents is a supplemental request for documents related to settlement discussions, rather than duplicative. *See* R. Doc. 204, p. 1.

Upon review of the 2021 and 2022 Subpoenas, the Court finds that the document request contained in the 2022 Subpoena is not duplicative of the document request contained in the 2021 Subpoena. The record reflects that Xavier's initial production in response to the 2021 Subpoena only included the documents and communications produced *to* the government during its

investigation. Furthermore, Xavier's initial production excluded communications *with* the government, which included the settlement agreement and settlement discussions that Xavier has deemed "privileged." *See* R. Doc. 202. Moreover, Xavier reserved the right to object and AECOM reserved the right to request additional documents in response to the 2021 Subpoena. Therefore, Xavier's objection to the 2022 Subpoena based on the duplicative nature of the document requests is overruled.

AECOM further alleges that Xavier's motion to quash is untimely, as Xavier was served with the 2022 Subpoena on August 22, 2022 and did not object or file a motion to quash within the 14-day limitation under Rule 45. R. Doc. 204, p. 10. However, distinct from serving Rule 45(d)(2)(B) written objections, a motion to quash is not subject to the 14 day requirement. Instead, the rule simply provides that the motion to quash must be "timely." Fed. R. Civ. P. 45(d)(3)(A). While "timely" is not defined in Rule 45, generally, courts have interpreted timely to mean "within the time set in the subpoena for compliance." *See id.*; (citing *In re Ex Parte Application of Grupo Mexico SAB de CV*, No. 3:14-MC-0073-G, 2015 U.S. Dist. LEXIS 177694, 2015 WL 12916415, at *3 (N.D. Tex. Mar. 10, 2015)).

The 2022 Subpoena's time for compliance is November 4, 2022. Xavier filed its motion on September 27, 2022, prior to time for compliance as set forth in the 2022 Subpoena. Therefore, the Court deems Xavier's motion to be timely.

**B. Information Concerning Xavier's Settlement with the United States is Not Relevant Under Rule 26**

Next, Xavier argues that the 2022 Subpoena should be quashed to the extent that it seeks any information concerning Xavier's settlement with the United States. R. Doc. 202-1, p. 10. Xavier alleges that the document requests and the topic areas for the corporate deposition of Xavier

9

in the 2022 Subpoena seek information concerning Xavier's settlement with the United States and settlement negotiations between Xavier and the United States. *Id*.

AECOM notes in its opposition, that the question of whether a "settlement privilege" protects third-party settlement negotiations with the government from discovery was addressed in *Wash.- St. Tammany Elec. Coop., Inc. v. La. Generating, LLC*, No. 17-405-JWD-RLB, 2019 U.S. Dist. LEXIS 73476 (M.D. La. May 1, 2019). As Xavier points out, Federal Rules of Evidence Rule 408 states that "conduct or a statement made during compromise negotiations" is inadmissible. *See* Fed. R. Evid. 408. Although the Federal Rules of Evidence, including Rule 408, do provide that certain settlement negotiations are inadmissible, "[i]nformation within the scope of discovery need not be admissible in evidence to be discoverable." *Id*. (quoting Fed. R. Civ. P. 26(b)(1)).

However, under Rule 26, while information need not be admissible to be discoverable, "discoverable matter must be both relevant and proportional to the needs of the case." *See Samsung Elecs. Am., Inc. v. Chung*, 321 F.R.D. 250, 279 (N.D. Tex. 2017); *see also Strange v. ProSlide Tech., Inc.*, No. 3:17-CV-246-TAV-HBG, 2018 U.S. Dist. LEXIS 109737, at *6 (E.D. Tenn. July 2, 2018) (finding that [b]ecause a settlement agreement is not privileged, the only questions before [the] Court are whether the settlement agreement is relevant and whether the request for the settlement agreement is proportional to the needs of the case).

Therefore, discovery from a third party permitted through a subpoena issued under Rule 45 is subject to the parameters of discovery permitted under Rule 26(b)(1). *See Arthur J. Gallagher & Co.*, 2017 U.S. Dist. LEXIS 194655, 2017 WL 5713361, at *2 (explaining that "subpoenas duces tecum are discovery devices governed by Rule 45 but also subject to the parameters established by Rule 26" and that a "court retains discretion to decline to compel production of

requested documents when the request exceeds the bounds of fair discovery, even if a timely objection has not been made" (internal quotation marks omitted).

Here, AECOM alleges that Xavier's settlement negotiations and communications with the government are relevant to AECOM's claims and defenses at issue in this case. R. Doc. 204, p. 15. AECOM argues that despite settling with the government for $12 million, Xavier has denied liability. *Id*. at 16. Further, AECOM alleges that Xavier has also supplied the government with a declaration from Marion Bracy, a corporate representative of Xavier, which purports to adopt some of the government's reasoning for it claims. *Id*.

AECOM generally claims Xavier's inconsistent positions but fails to explain the nature of the inconsistencies. *Id*. Nevertheless, AECOM suggests that Bracy's declaration raises questions including why Xavier, which denies liability, would provide such a declaration, and whether the declaration was a governmental-imposed condition on the settlement. *Id*. Further, AECOM alleges the questions may include whether the produced declaration went through drafts that may reveal the respective factual positions of the government and Xavier. *Id*.

Additionally, AECOM alleges that the Marion Bracy's declaration purports to specifically address the Xavier projects at issue and supplies specific "facts" associated with Xavier's interactions with AECOM, Krause, and FEMA concerning those projects. *Id*. AECOM argues that these assertions, as well as the negotiations that led to their drafting are highly relevant to this case. *Id*.

The Court is not persuaded by AECOM's relevancy and proportionality arguments as to the need for the settlement agreement and communications regarding settlement discussions between Xavier and the United States. After hearing AECOM's arguments, the Court noted that AECOM's framing of its arguments is as though production of the requested documents and

communications *may* lead to relevant evidence. However, this is not the legal standard that the Court is required to apply.

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." *See* Fed.R.Civ.P. 26(b)(1). As the Court has explained, it is not sufficient that the requested discovery may lead to relevant evidence, but that it is relevant to any party's claim or defense. Furthermore, when the Court asked counsel for AECOM to identify with clear specificity what claims or defenses the settlement agreement and discussions are relevant to, he could not do so.

Therefore, the Court sustains Xavier's relevancy objection. The Court finds that communications regarding the settlement agreement and settlement discussions between Xavier and the United States, before the confection of the agreement, are not relevant.

### C. The 2022 Subpoena Should Not be Modified to Order Xavier to Appear at the Offices of its Counsel, Instead of the Offices of AECOM's Counsel

In its motion, Xavier requests that this Court modify the 2022 Subpoena or issue a protective order to require that AECOM's deposition take place at the office of Xavier's counsel instead of the offices of AECOM's counsel. R. Doc. 202-1, p. 16. Xavier argues that as a non-party deponent, Xavier's choice of forum for the deposition that is least burdensome to Xavier, should be given preference.

Generally, the party noticing the deposition usually has the right to choose the location. *Hartman Eng'g, Inc. v. Metro. Life Ins. Co.*, CIVIL ACTION NO: 01-2570 SECTION: "I"(1), 2002 U.S. Dist. LEXIS 9145, at *16 (E.D. La. May 13, 2002). However, "certain ground rules may create obligations or limitations regarding deposition location. *Id*. Moreover, a district court has broad discretion to determine the appropriate place for a deposition to occur. *See Resolution Trust Corp. v. Worldwide Ins. Management Corp.*, 147 F.R.D. 125, 127 (N.D. Tex. 1992).

Here, Xavier's only basis for requesting that the deposition be taken at the office of Xavier's counsel rather than the office of AECOM's counsel, is that the contrary would be a mere inconvenience. Xavier argues that AECOM's counsel's stated preference not to have to transport numerous boxes of documents is not entitled to more deference than a non-party's convenience. It is Xavier's position that the choice of forum should be least burdensome. R. Doc. 202-1, p. 16.

The office of Xavier's counsel is located at 909 Poydras Street, and the office of AECOM's counsel is located at 201 St. Charles Avenue, totaling a distance of six (6) blocks away from each other. Thus, in light of the close proximity between offices and AECOM's transportation of documents, the Court finds that Xavier can accommodate AECOM's request to conduct the deposition at the office of AECOM's counsel.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that **Xavier's Motion to Quash Subpoena Duces Tecum and for Deposition Testimony or, alternatively for Protective Order (R. Doc. 202)** is **GRANTED in part** and **DENIED in part** consistent with the opinion above as follows:

> **IT IS HEREBY ORDERED** that **Xavier's Motion to Quash the 2022 Subpoena or, alternatively an issuance of a protective order (R. Doc. 202)** on the basis of duplicity between the 2021 Subpoena's requests for production of documents and the 2022 Subpoena's requests is **DENIED**.
>
> **IT IS FURTHER ORDERED** that **Xavier's Motion to Quash the 2022 Subpoena (R. Doc. 202)** as to production of documents and communications regarding Xavier's settlement agreement and settlement discussions with the United States is **GRANTED**.

**IT IS FURTHER ORDERED** that Xavier's request to modify the 2022 Subpoena or, alternatively, an issuance of a protective order, as to the location of the deposition occurring on November 4, 2022, is **DENIED**. The Court orders the deposition to be conducted at the office of AECOM's counsel.

New Orleans, Louisiana, this 14th day of October 2022.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**