UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel.* Robert Romero | CIVIL ACTION |
| VERSUS | NO. 16-15092 |
| AECOM, ET AL. | SECTION "L" (4) |

## ORDER AND REASONS

The Court has before it Defendant AECOM's Motion to Review, R. Doc. 16, the ruling

of the Magistrate Judge, R. Doc 212, granting in part and denying in part Xavier University Of

Louisiana's ("Xavier") Motion to Quash, R. Doc. 202. Xavier has filed an opposition. R. Doc.

224. Having reviewed the briefing and the applicable law, the Court rules as follows.

I.     **BACKGROUND**

On September 30, 2016, *qui tam* Plaintiff-Relator Robert Romero filed the instant case

against AECOM Corporation ("AECOM"), Xavier University, and the Archdiocese of New

Orleans ("Archdiocese") under the False Claims Act (the "FCA"), 31 U.S.C. § 3729-33. R. Doc.

1. AECOM is a multinational engineering firm and a Federal Emergency Management Agency

("FEMA") contractor, and Plaintiff was an AECOM employee at all material times. *Id.* Plaintiff

alleges that AECOM misused the FEMA Public Assistance Program funds it received after

Hurricane Katrina. *Id.* at 2-3. Plaintiff alleges that "Defendants knowingly, recklessly or with

willful blindness submitted false information to FEMA, to qualify ineligible buildings for post-

Katrina replacement Funding." *Id.* Plaintiff's claims center around the FEMA assistance received

for the Xavier University gymnasium and electrical distribution system, as well as the

1

Archdiocese-owned St. Raphael School cafeteria building and Villa St. Maurice complex. *Id.* at

10-21.

Additionally, Plaintiff alleges that Defendants violated the FCA in connection with at

least seven other AECOM projects throughout New Orleans. *Id.* at 23. Plaintiff claims that

Randall Krause was employed by AECOM to work on Katrina recovery efforts from 2006 to

2010 and worked on each of the projects at issue (the "Subject Projects"). Plaintiff alleges that

Mr. Krause engaged in fraudulent practices associated with the Subject Projects and that

AECOM became aware of this by 2010 but did not address Mr. Krause's fraudulent practices. *Id.*

at 23. Plaintiff claims that he was assigned to AECOM's New Orleans response unit after Mr.

Krause's termination, which allowed him to discover inflated repair costs and deflated

replacement costs for the Subject Projects. *Id.* at 23. Plaintiff claims that after he relayed these

concerns to AECOM, the company failed to inform the Government of these fraudulent practices

or mitigate the overpayments and damages. *Id.* at 24.

On May 29, 2020, the Government notified the Court of its decision to intervene and

proceed in this case pursuant to Sections 3730(b)(2) and (4) of the False Claims Act. R. Doc. 41.

The Government filed an Intervenor Complaint shortly thereafter, in which it added more

detailed allegations, Subject Projects, and additional defendants, including the Louisiana

Department of Education ("LDE") and AECOM's subsidiaries AECOM Technical Services,

Inc., Emergency Response Program Management Consultants, and AECOM Recovery

(collectively part of "AECOM"). R. Doc. 59. The Government alleges that the LDE is liable for

payment by mistake, negligent misrepresentation, and unjust enrichment in connection with the

FEMA funding it managed for the Lawrence D. Crocker Elementary School, the Florence J.

Chester Elementary School Classroom Building, the Florence J. Chester Elementary School

Cafeteria, the Edward Livingston Middle School Main Building, and Fannie C. Williams Middle School, collectively referred to as the "Recovery School District." *Id.* at 66. Specifically, the Government argues that the Recovery School District received a substantial amount of funding it was not entitled to receive due to its false descriptions of the pre-disaster design of the schools and the damage they suffered. R. Doc. 99.

Xavier University was terminated from this lawsuit on June 5, 2020, following a Joint Stipulation of Dismissal pursuant to a settlement reached between itself and the United States. R. Doc. 44.

## II.    PRESENT MOTION

On August 22, 2022, AECOM served a subpoena *duces tecum* on Xavier, seeking, *inter alia*, information concerning Xavier's settlement with the United States and settlement negotiations between Xavier and the United States. R. Doc. 202-1 at 10. In response, Xavier filed a Motion to Quash with this Court, arguing (1) that the subpoena was duplicative of a prior subpoena served on it by AECOM in 2021; (2) that the information concerning Xavier's settlement with the United States was privileged and/or irrelevant and so should be excluded from any discovery the Court might order Xavier to make, and (3) the subpoena unduly burdened Xavier. R. Doc. 202-1.

This motion was orally argued before the Magistrate Judge on October 12, 2022. Thereafter, the Magistrate Judge issued an order granting in part and denying in part Xavier's Motion to Quash. R. Doc. 212. The Magistrate Judge ruled that AECOM's subpoena was not duplicative, and that the subpoena did not unduly burden Xavier, but also ruled that the information AECOM seeks concerning Xavier's settlement with the United States was irrelevant, and thus granted Xavier's Motion to Quash as to that material. *Id.*

AECOM now moves this Court to review that ruling of the Magistrate Judge, seeking reversal of the partial grant of Xavier's Motion to Quash. R. Doc. 216. AECOM argues that the Magistrate Judge's ruling was clearly erroneous and contrary to law, R. Doc. 216-1 at 1, arguing that (1) Xavier's Motion to Quash was untimely; and (2) that the information regarding Xavier's settlement with the United States is indeed relevant.

### III.   LEGAL STANDARD

A magistrate judge's order on a non-dispositive issue may be set aside if it "is clearly erroneous or is contrary to law." *Moore v. Ford Motor Co*., 755 F.3d 802, 806 (5th Cir. 2014) (quoting *Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993)). The party seeking reversal of the magistrate judge's order, "carries the burden of establishing that the standard to set the order aside is met." *Redmond v. Poseidon Personnel Serv., S.A.*, No. 09-2671, 2009 WL 3486385, at *2 (E.D. La. Oct. 23, 2009).

### IV.   DISCUSSION

With the above legal standard in mind, the Court will discuss each argument in turn.

#### A. Timeliness

AECOM first argues that Xavier's Motion to Quash was untimely as in violation of Federal Civil Procedure Rule 45(d)(2)(B), which requires that a party provide written objections to a subpoena within 14 days of service. The Magistrate Judge denied this argument, stating that "distinct from serving Rule 45(d)(2)(b) written objections, a motion to quash is not subject to the 14-day requirement." R. Doc. 212 at 9. While AECOM points to some precedent to suggest that this ruling was incorrect, *see, e.g.*, *Duplantier v. Bisso Marine Co., Inc.*, No. 09- CV-8066, 2011 WL 2600995 (E.D. La. June 30, 2011), there is also undeniably precedent which supports it. *See, e.g.*, *Sines v. Kessler*, 325 F.R.D. 563, 566-68 (E.D. La. 2018) (holding fourteen-day time

limitation did not apply to motion to quash non-party subpoena). Accordingly, the Magistrate

Judge's holding that Xavier's Motion to Quash was not untimely was not clearly erroneous or

contrary to law.

### B. Relevancy

AECOM next argues that the Magistrate Judge's ruling that the information regarding

Xavier's settlement with the United States is not relevant, and therefore her partial grant of

Xavier's motion on that issue, was clearly erroneous. While the Court agrees with every other

aspect of the Magistrate Judge's well-reasoned opinion, on this issue it holds that AECOM is

correct: the information AECOM seeks regarding Xavier's settlement with the United States is

relevant, potentially admissible, and therefore discoverable.

Relevant evidence is generally admissible. Fed. R. Evid. 402. Federal Rule of Evidence 408

states that "conduct or a statement made during compromise negotiations" is inadmissible.

However, there are exceptions to Rule 408, one of them being that a court may admit this

evidence to prove a witness's bias or prejudice. *Id.* Here, AECOM argues, *inter alia*, that the

settlement information it seeks is relevant because Xavier and its representatives are expected to

testify at trial, and that this information may tend to reveal bias in those witnesses. R. Doc. 216-1

at 15.

As AECOM explains, while Xavier settled with the United States, it continues to expressly

deny liability for the same projects that the government claims constitute FCA violations. *Id.* at

13–19. Settlement information between Xavier and the United States may reveal Xavier's factual

position with regard to the projects on which the Government alleges AECOM falsely reported.

For example, the Government alleges that AECOM falsely represented that Xavier's

underground electrical grid was substantially damaged in Hurricane Katrina. The information

AECOM seeks could reveal communications between the government and Xavier that reflect Xavier's continued assertion that the damage AECOM reported did in fact occur, in line with its continued refusal to admit liability. This information could be used to impeach or diminish the apparent credibility of testimony for the Government by Xavier or its representatives. Additionally, as AECOM points out, information concerning the conditions of Xavier's settlement with the United States is relevant, and may indeed be admissible under Rule 408, if it tends to show potential bias or prejudice on the part of the Xavier witnesses: for example, if Xavier received a discount on the settlement for providing testimony against AECOM in this matter, AECOM is entitled to discover those facts and thereby test the bias of Xavier and its representatives.

Accordingly, it was error to hold that the information sought was not relevant, and thus to grant Xavier's Motion to Quash in part with regard to that information.

## V.        CONCLUSION

AECOM's Motion to Review the ruling of the Magistrate Judge is **GRANTED.** For the foregoing reasons, that ruling is hereby **REVERSED** with regard to the partial grant of Xavier's Motion to Quash. Xavier's Motion to Quash is **DENIED** in its entirety.

New Orleans, Louisiana, this 22nd day of November, 2022.

_____
United States District Judge

6